<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT WHEELER and | : | |
| JOANN WHEELER, | : | Civil Action No. 04-3255 |
| | : | |
| Plaintiffs, | : | **OPINION** |
| | : | |
| v. | : | |
| | : | |
| SEARS, ROEBUCK & CO., | : | |
| ELECTROLUX HOME PRODUCTS, INC., | : | |
| and KENMORE, INC., | : | |
| | : | |
| Defendants. | : | |

**Appearances:**

Michael D. Lindner, Jr., Esquire
Blumberg & Lindner, LLC
158 Delaware Street
PO Box 68
Woodbury, NJ 08096
     Attorney for Plaintiffs

David S. Osterman, Esquire
Natalie S. Watson, Esquire (on the brief)
McCarter & English, LLP
100 Mulberry Street
PO Box 652
Newark, NJ 07101-0652
     Attorney for Defendants

**RODRIGUEZ, Senior District Judge:**

This matter comes before the Court on Defendants Sears, Roebuck & Co.'s and

Electrolux Home Products, Inc.'s Motion for Summary Judgment [16], pursuant to Fed.

1

R. Civ. P. 56.  For the reasons discussed below, Defendants' motion will be granted.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

_____On March 27, 2002, Plaintiffs' home caught on fire.  (Compl., First Count[1] at ¶ 1.)

Plaintiffs home, along with all of their personal belongs, was completely destroyed.

(Compl., First Count at ¶¶ 1-2.)  In addition, Plaintiffs suffered personal injuries as they

escaped the home.  (Compl., First Count at ¶ 2.)  The New Jersey State Police Arson Unit

conducted an investigation into the cause of the fire and determined that it originated

from an electrical fire in a small box freezer, "designed, manufactured, distributed, sold,

marketed or otherwise placed into the stream of commerce by [Defendants]."  (Compl.,

First Count at ¶ 4-5, 7.)

On March 26, 2004, Plaintiffs filed a Complaint in the Law Division of the

Superior Court of New Jersey, Gloucester County.  The Complaint alleges that

Defendants are liable in both negligence and strict liability for design and manufacturing

defects and for failure to warn because the small box freezer was defective, in that it was

not reasonably fit, suitable or safe for its intended purpose.  (Compl., First Count at

¶¶ 8,9.)  The Complaint also alleges that Defendants are liable for a breach of the express

and implied warranties of merchantability.  (Compl., First Count at ¶ 10.)  On July 6,

2004, Defendants removed the action to the United States District Court for the District of

_____

[1]Count One alleges causes of action against Sears, Roebuck & Co.  The remaining
Counts of the Complaint, two-four, allege the same causes of action against the remaining
Defendants.  All Counts are implicated in the Defendants' motion.

New Jersey.

On December 1, 2005, Defendants filed a Motion for Summary Judgment alleging that Plaintiffs have failed to establish a prima facie case of products liability because they have provided no evidence to show that a defect existed in the subject freezer while under Defendants' control.  (Def. Br., p. i.)  Plaintiffs have not filed an opposition to the motion.[2]

## DISCUSSION

### A. Summary Judgment Standard

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law."  Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56 (c).  Thus, this Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

An issue is "genuine" if supported by evidence such that a reasonable jury could

---

[2]When a motion under Fed. R. Civ. P. 56 ("Rule 56") is unopposed, the rule provides that summary judgment shall be entered against the non-movant "if appropriate." See also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even when a motion for summary judgment is unopposed the district court must determine whether the moving party is entitled to judgment as a matter of law).

return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a

dispute about the fact might affect the outcome of the suit.  Id.  In determining whether a

genuine issue of material fact exists, the Court must view the facts and all reasonable

inferences drawn from those facts in the light most favorable to the nonmoving party.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Initially, the moving party has the burden of demonstrating the absence of a

genuine issue of material fact.  Celotex, 477 U.S. at 323.  Once the moving party has met

this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts

showing that there is a genuine issue for trial.  Id.; Maidenbaum v. Bally's Park Place,

Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994).  Thus, to withstand a properly supported

motion for summary judgment, the nonmoving party must identify specific facts and

affirmative evidence that contradict those offered by the moving party.  Anderson, 477

U.S. at 256-57.  "A nonmoving party may not 'rest upon mere allegations, general denials

or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of

Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934

F.2d 497, 500 (3d Cir. 1991)).  Indeed,

> the plain language of Rule 56(c) mandates the entry of summary judgment,
> after adequate time for discovery and upon motion, against a party who fails
> to make a showing sufficient to establish the existence of an element
> essential to that party's case, and on which that party will bear the burden of
> proof at trial.

Celotex, 477 U.S. at 322.

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the fact finder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**B. Analysis**

In order for a plaintiff to succeed on claims of defective design, defective manufacturing and/or failure to warn, she must prove that the defect existed before the product left the control of the defendant.  See N.J. MODEL CIVIL JURY CHARGES § 5.34(A)(2) (1998) (stating that the second element of the prima facie case for a manufacturing defect is "[t]hat the defect existed before the [product] left the control of the [defendant]"); N.J. MODEL CIVIL JURY CHARGES § 5.34(B)(2) (2001) (stating that to establish a claim of failure to warn, a plaintiff must prove, inter alia, "[t]hat the failure to adequately warn/instruct existed before the [Product] left the control of the [Defendant]"); N.J. MODEL CIVIL JURY CHARGES § 5.34(C)(4)(A) (1999) (stating that a plaintiff must prove that "[t]he defect existed before the product left the control of the defendant").  Evidence of injury alone is insufficient to establish an inference of defectiveness.  Cintrone v. Hertz Truck Leasing and Rental Service, 212 A.2d 769, 779 (N.J. 1965).

In H.T. Rose Enterprises, Inc. v. Henny Penny Corp., the plaintiff brought suit

5

against the manufacturer of a deep-fryer after its restaurant burned to the ground.  722

A.2d 587, 588 (N.J. Super. Ct. App. Div. 1999).  The plaintiff alleged that a

manufacturing flaw in the fryer's thermostat caused the fire.  Id.  The Law Division of the

Superior Court of New Jersey granted summary judgment in favor of the defendant

manufacturer and the Appellate Division affirmed, holding that "no reasonable juror

could conclude that the preponderance of the evidence establishes that the high-limit

thermostat in the fryer in 1976 when [the defendant] placed it into the stream of

commerce was the same high-limit thermostat in the fryer in 1993."  Id. at 589.  The court

reasoned that the plaintiff must present either direct or circumstantial "proof sufficient to

support a conclusion that 'in the normal course of human experience an injury would not

have occurred at this point in the product's life span had there not been a defect

attributable to the manufacturer.'"  Id. at 595 (quoting Scanlon v. General Motors Corp.,

326 A.2d 673, 679 (N.J. 1974)).

Here, Plaintiff has failed to present proof to support the conclusion that an injury

would not have occurred at this point in the freezer's life span absent a defect.

Defendants have demonstrated that there is no genuine issue of material fact.  Although,

Plaintiffs' Complaint alleges that the freezer was the cause of the fire, (Compl., First

Count at ¶¶ 4, 5, 8), Plaintiffs have not put forward evidence at the summary judgment

stage from which a reasonable jury could conclude that the product was defective when it

left Defendants' control.  Therefore, Plaintiffs have not satisfied the prima facie elements

of their products liability claims.  Accordingly, summary judgment in favor of Defendants and against Plaintiffs will be entered.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment [16] will be granted.

An appropriate Order will issue.


<u>/S/ Joseph H. Rodriguez</u>
JOSEPH H. RODRIGUEZ
U.S.D.J.


DATED: January 24, 2006

7